**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT L. WILKENS, JR.,

        Petitioner,               CASE NO. 06-cv-15120

v.                                             JUDGE PAUL D. BORMAN
                                             UNITED STATES DISTRICT COURT

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER**
**(1) DENYING MOTION FOR CERTIFICATE OF APPEALABILITY AND**
**(2) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Robert L. Wilkins, Jr. filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he was incarcerated in violation of his constitutional rights. On October 28, 2009, the Court issued an Opinion and Order denying the petition. Pending before the Court are Petitioner's "Motion for Certificate of Appealability" [dkt. # 22] and "Application to Proceed *In Forma Pauperis* On Appeal" [dkt. # 21], filed on November 24, 2009.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed.R.App.P. 22(b) must be issued. When a habeas applicant seeks permission to initiate appellate review of the dismissal of a petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000).

Petitioner's habeas petition asserted six claims. The Court rejected three of the claims because they alleged state law issues, which are not cognizable on habeas review. "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Regarding Petitioner's three remaining claims, the Court found that Petitioner failed to establish that the Michigan Court of Appeals' decision, in denying relief on those claims, was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d).

In Petitioner's first claim, regarding the validity of the search and seizure, the Court concluded that the Michigan courts were fully aware of his "Fourth Amendment claim and that he received all the process he was due. Petitioner had a full and fair opportunity to litigate [those] claims. Accordingly, his claim concerning the validity of the search and seizure in this case is non-cognizable on habeas review." *Wilkins v. Lafler*, No. 06-15120, at 9 (E.D. Mich. Oct. 28, 2009). The Court finds that Petitioner has not demonstrated a substantial showing that reasonable jurists would find its assessment of that claim debatable or wrong.

In his second claim, Petitioner argued that he was denied his right to the effective assistance of counsel because counsel failed to file a timely motion to suppress and therefore denied him his right to testify at an evidentiary hearing. And, because of counsel's ineffectiveness in continued delay, the trial court denied him such a hearing. Therefore, Petitioner argued he was not given the opportunity to testify at an evidentiary hearing or to submit an affidavit to support his position that the videotape was inadmissible because the officers' search was illegal. Regarding this claim, the Court adheres to its position that Petitioner failed to demonstrate that counsel was ineffective

2

pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In its Opinion and Order, the Court found that Petitioner's testimony regarding those issues would not have been outcome determinative; he could not demonstrate prejudice pursuant to *Strickland*. Accordingly, the Court concludes that Petitioner cannot demonstrate a substantial showing that reasonable jurists would find its assessment of this claim debatable or wrong.

In his third claim, Petitioner argued that he was denied his right to present a defense. It was his position that the Michigan Court of Appeals incorrectly interpreted and applied MICH.COMP.LAWS § 750.520b(1)(c). This Court concluded that the Michigan Court of Appeals correctly determined "that the prosecution need only show (1) penetration (2) during the commission of another felony, meaning that consent is only relevant if it could nullify the other felony." *Wilkins*, No. 06-15120, at 13-14. The Court is bound by the Michigan Court Appeals' decision; such a challenge to the interpretation and application of state law is not cognizable on habeas review. *Estelle*, 502 U.S. at 67 (quoting *Lewis*, 497 U.S. at 780).

In his fourth claim, Petitioner argued that the prosecution should have been required to present the female victim as a witness because she would have been helpful to his defense. There, the Court found that Petitioner benefitted from the victim's absence, as her testimony would have been cumulative to the recorded statements, and, considering the videotape and the testimony of the four-year-old victim, evidence of Petitioner's guilt was overwhelming. Again, the Court concludes that Petitioner cannot demonstrate a substantial showing that reasonable jurists would find its assessment of this claim debatable or wrong.

In his fifth habeas claim, Petitioner argued that his convictions for both first-degree criminal

sexual conduct and producing child sexually abusive material violated double jeopardy.  Here, the Court found that the Michigan Court of Appeals' decision was not an unreasonable application of clearly established Supreme Court precedent because the Michigan Legislature intended that the punishments for the crimes for which Petitioner was convicted be punished separately.  The Court also found that, in essence, Petitioner was collaterally challenging his conviction and sentence as a predicate to the first-degree criminal sexual conduct charge, and "[e]ven assuming [he] is correct, under the concurrent sentence doctrine, his sentence for the child sexually abusive material conviction is less than and served concurrent with his sentence for that conviction," and, therefore, "[he] is not entitled to habeas relief." *Wilkins,* No. 06-15120, at 20.  Regarding this claim, the Court thus concludes that Petitioner failed to demonstrate a substantial showing that reasonable jurists would find its assessment of the claim debatable or wrong.

In his sixth and final claim, Petitioner asserted that he was entitled to resentencing because the sentences imposed were above the guidelines range.  Petitioner's sentencing claims are not cognizable on habeas review.  *Estelle*, 502 U.S. at 67 (quoting *Lewis*, 497 U.S. at 780).

Against that backdrop, the Court concludes that reasonable jurists would not disagree with its resolution of Petitioner's claims, and the issues do not warrant encouragement to proceed further.  The Court therefore denies Petitioner's motion for a COA.  Petitioner nevertheless may pursue his appeal *in forma pauperis*, because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3); Fed.R.App.P. 24(a)(4)(B).

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Certificate of Appealability" [dkt. # 22] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Application to Proceed *In Forma Pauperis* On Appeal" [dkt. # 21] is **GRANTED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 8, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 8, 2009.

S/Denise Goodine
Case Manager